

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FEDERAL INSURANCE COMPANY,

    Plaintiff,

v.                              CIVIL ACTION NO. 2:13cv690

MARGARET WALLACE,
And
JOHN DOES I-X,

    Defendants.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff Federal Insurance Company ("Federal Insurance")'s Motion for Default Judgment against Defendants Margaret Wallace ("Wallace") and John Does I-X ("the John Doe Defendants"). ECF No. 11. Defendant did not answer the complaint and has made no filings in this case. The Court held a hearing on this matter on March 2, 2015, at which Defendant Wallace appeared. This matter is now ripe for judicial determination. For the reasons stated herein, Plaintiff's Motion for Default Judgment is **GRANTED**. It is **ORDERED** that judgment be entered on behalf of Plaintiff and against Defendant Wallace only, in a total amount of **$844,552.70**. The John Doe Defendants are all **DISMISSED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On December 6, 2013, Plaintiff Federal Insurance Company filed a Complaint against Defendant Margaret Wallace and several unknown Defendants alleging (1) Fraud; (2) Conversion; and (3) Misappropriation of Funds. Defendant was an employee of Harris Connect, a fundraising and data solutions company, where she worked in the customer service department.

Over time, Harris Connect discovered that Defendant Wallace had issued false refunds to her personal credit cards. As a result of Harris Connect's claim, Federal Insurance paid Harris Connect in the amount of $844,552.70. Plaintiff alleges that Defendants made intentional and knowing misrepresentations, omissions, and concealments with the intent to induce reliance and defraud Harris Connect.

According to a Status Report Plaintiff submitted, Defendant was found guilty of 35 counts of embezzlement on March 10, 2014. Defendant Wallace was sentenced in the Circuit Court of the City of Chesapeake to (according to the Notice filed by Plaintiff) 105 years with 90 years suspended. ECF No. 8.

On March 20, 2014, the Summons and Complaint were served on Defendant Wallace. Defendant failed to fire an Answer or otherwise defend this action, or to serve a copy of any Answer or other defense upon Plaintiff, Plaintiff's agent, or Plaintiff's attorney of record.

On October 29, 2014, the Clerk of the United States District Court for the Eastern District of Virginia entered default against Defendants. ECF No. 10.

On December 11, 2014, Plaintiff filed the instant Motion for Default Judgment, ECF No. 11. Plaintiff attached an affidavit and a Supplemental Roseboro Warning to its Motion.

On January 9, 2015, Plaintiff filed a Motion for a Hearing on the Default Judgment Motion, ECF No. 12.

On March 2, 2015, the Court held a hearing on Plaintiff's Motion. Defendant Wallace was present at the hearing. Because Defendant Wallace is currently incarcerated, the Court ordered the Virginia Department of Corrections to transport Defendant Wallace to the courthouse for a hearing on the Motion. ECF No. 14. At the hearing, Defendant admitted knowledge of this

action and that she had never filed a responsive pleading. Hear'g Tr. at 3. Defendant Wallace has no objection to the Court granting Plaintiff's Motion. *Id.* at 7.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require the clerk to enter default against a party from whom affirmative relief is sought when that party has "failed to plead or otherwise defend" its case. Fed. R. Civ. P. 55(a). When a plaintiff's claim is not for a sum certain, as in this case, the plaintiff must apply to the Court for default judgment, and if the party against whom the judgment is sought has appeared previously, that party must be served with written notice at least seven days prior to any hearing. Fed. R. Civ. P. 55(b)(2). Further, Rule 55(b)(2) provides that:

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). A plaintiff's complaint is well-pleaded under the Federal Rules of Civil Procedure when it "contains sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Default judgments are to be granted sparingly, with consideration to be given to, among other factors, the question of whether a less severe sanction would suffice. *See, e.g., Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987); *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982). The Court is certainly mindful of the Fourth Circuit's strong preference that defaults be avoided and claims disposed of on their merits. *Colleton Preparatory*

3

*Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citing *Tazo, Inc. v. Director, Office of Workers Comp. Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). When a district court enters default judgment, however, the decision is committed to the sound discretion of the court and shall be reviewed only for abuse of discretion. *Lolatchy*, 816 F.2d at 953-54.

Because a default judgment order may dispose of a matter, the Court must first satisfy itself that it has jurisdiction over the case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("First, 'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.' Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (citations omitted)); *In re Kirkland*, 600 F.3d 310, 315 (4th Cir. 2010) ("Subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment."). A plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

### III. DISCUSSION

**A. The John Doe Defendants**

Before ruling on the Motion for Default Judgment, the Court finds it appropriate that all of the John Doe Defendants be **DISMISSED**. In the Fourth Circuit, "John Doe suits are only permissible against 'real, but unidentified defendants.'" *Chidi Njoku v. Unknown Special Unit*

*Staff*, 217 F.3d 840, (4th Cir. 2000) (citing *Schiff v. Kennedy*, 691 F.2d 196, 197 (4th Cir. 1982)). The designation of John Doe is generally not favored in federal courts and is only appropriate "when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." *Id.* (citing *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). When dismissed, the John Doe defendants should be dismissed without prejudice. *Id.* As the Court noted on the record during the Motion Hearing, "[t]his Court does not permit counsel to go forward with John Does." Hear'g Tr. at 7. Counsel expressed no objections to the Court's dismissal of the John Doe Defendants. Hear'g Tr. at 7-8. The Court "will *sua sponte* dismiss all of the John Does in this case." Hear'g Tr. at 7. Therefore, all John Doe Defendants are **DISMISSED WITHOUT PREJUDICE**.

### B. Jurisdiction

The Court next addresses jurisdiction. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000. Plaintiff is an Indiana corporation with its principal place of business in New Jersey. Defendant Wallace is an individual who is a citizen and resident of the Commonwealth of Virginia. The amount in controversy is at least $844,552.70. This Court has personal jurisdiction over Defendants because Defendant Wallace is a Virginia resident and the actions giving rise to the action took place in the Commonwealth of Virginia. Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 § U.S.C. 1391 (b)(2) because a substantial part of the events or admissions giving rise to this action occurred in the Eastern District of Virginia and because Defendant Wallace resides in Virginia.

## C. Default Judgment

Having satisfied itself that jurisdiction and venue are proper, the Court now turns to the merits of the Motion. It is clear that Defendant Wallace is in default, as she never filed an answer or other responsive pleading. Plaintiff's Motion for Default Judgment should be granted because Plaintiff has met each of the five prongs of Rule 55(b) and because Defendant Wallace has failed to plead or otherwise defend this action. The Complaint and the Motion demonstrate that (1) the Clerk of the United States District Court for the Eastern District of Virginia entered default against Defendants Margaret Wallace et al., on October 29, 2014; (2) default was entered to the Complaint filed by Federal Insurance Company on December 6, 2013; (3) Defendant is not an infant or an incompetent person; (4) Defendant is not in the military; and (5) notice was served on Defendant on December 11, 2014, by ECF filing and through the United States mail.

Further, Defendant admits knowledge of this action and she admits that she never filed any pleadings. See Trial Tr. at 3.[1] Defendant further admits that she has no objection to the Court going forward on the Motion, that she has no defenses, and that she does not want leave to make any filings. *Id.* at 7. Even though this is a civil case and Defendant has no right to counsel, the Court questioned this pro se Defendant about her ability to fully understand the nature of these proceedings. Defendant testified under oath that she has never been

---

[1] Under questioning by the Court:
    Q. ...But did you read the paperwork that they sent you the first time? You said you didn't know how to respond; did you read it?
    A. Yes, I did.
    Q. So you were aware they were trying to get a judgment against you?
    A. Oh, yeah, I was aware of that.
    Q. And you were aware you were supposed to respond. You're under oath now.
    A. Well, I didn't know I was supposed to respond. As I said, I didn't know how to do the mailing. Once I got to Chesapeake jail, I didn't know how to do the mailing out.
    Q. Ok, so you never responded to anything?
    A. No, I didn't.
Hear'g Tr. at 3.

institutionalized for any type of addiction or illness, and that she has more than a high school education (one year of college). Hear'g Tr. at 9. Defendant further testified multiple times that she received, read, and understood Plaintiff's filings. Hear'g Tr. at 1, 2, 3, 4, 5. Finally, Defendant raises no defenses in this action and is ready to "go forward and get it—everything over with..." Hear'g Tr. at 5.

Plaintiff prevails on the substance of its claims because of its pleadings, an attached exhibit, and the affidavit submitted by Ms. Dorothy DeScala. ECF No. 11-2. Ms. DeScala is a Regional Recovery Specialist for Federal Insurance Company. *Id.* Ms. DeScala states that Harris Connect made a claim under a policy of insurance issued by Federal Insurance Company in the amount of 844,552.70 caused by theft committed by Defendant Margaret Wallace when she was a Harris Connect employee. DeScala further notes that Federal Insurance Company paid Harris Connect $839,552.70 (there exists a $5,000.00 deductible, which accounts for the difference between the loss amount and the amount paid). *Id.* Plaintiff also attached a copy of the executed partial release and assignment for settlement in the amount of 844,552.70. *Id.* Plaintiff has therefore sufficiently demonstrated pursuant to Rule 55(b) that default judgment is appropriate. For these reasons, Plaintiff's Motion for Default Judgment is **GRANTED**.

## C. Damages

Having found that judgment should be entered in favor of Plaintiff, the Court must next determine the appropriate relief. Although entry of default represents a concession and the factual allegations in the Complaint may be taken as true, a default does not concede the amount demanded. Damages must therefore be proven to the Court, although the Court retains discretion to determine how the amount of damages may be appropriately shown. *E.g., Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794-96 (D. Md. 2010).

Plaintiff submits that it has incurred $844,552.70 in actual damages as a result of Defendant Wallace's fraud and misappropriation of funds. The Court finds Plaintiff's figure supported by the evidence presented and **ORDERS** judgment to Federal Insurance Company in the amount of **$844,552.70**.

## IV. CONCLUSION

Plaintiff's Motion for Default Judgment against Defendant Margaret Wallace is **GRANTED**. It is **ORDERED** that judgment be entered on behalf of Plaintiff and against Defendant in the amount of **$844,552.70**. All of the John Doe Defendants are hereby **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 4, 2015

/s/
Raymond A. Jackson
United States District Judge